IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LLOYD T. SCHUENKE,

OPINION & ORDER

Plaintiff,

v.                                                          15-cv-13-jdp

WISCONSIN DEPARTMENT OF CORRECTION'S,
EDWARD WALL, DEIRDRE MORGAN,
SCOTT LEGWOLD, KATHRYN ANDERSON,
MELISSA ROBERTS, CATHY JESS, JAMES GREER,
JUDY P. SMITH, ROBERT HABLE, JIM ZANON,
DANELLE FOSTER, JAMIE BARKER, NANCY BOWENS,
MS. SAUVEY, MS. ANDERSON, and JANE/JOHN DOES,

Defendants.

Plaintiff Lloyd T. Schuenke, a prisoner in the custody of the Wisconsin Department of Corrections at the Oshkosh Correctional Institution, has filed a complaint alleging that he has not been given regular medical examinations and that he suffers from a toenail infection. Plaintiff seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

After considering plaintiff's allegations, I will dismiss plaintiff's complaint for failure to comply with Federal Rule of Procedure 8 and for failure to adequately explain whether his allegations about medical examinations meet the imminent danger standard under § 1915(g). I will give plaintiff a chance to submit an amended complaint addressing these problems. I will also give him a new deadline to submit a six-month trust fund account statement so that I can consider the financial aspects of his *in forma pauperis* request.

ALLEGATIONS OF FACT

Plaintiff Lloyd T. Schuenke is currently incarcerated at the Oshkosh Correctional Institution. In 2008, plaintiff was incarcerated after having his probation revoked. On January 20, 2009, plaintiff was given a physical health examination. On January 26, 2009, plaintiff was given an eye examination. Since that time, he has not received a physical health or hearing examinations (which he believes should be given yearly), or an eye examination (which he seems to believe should be given twice a year, although it is possible he means every other year). Under DOC rules he must pay a $7.50 copayment for such examinations.

At some point during his incarceration, plaintiff contracted a "severe contagious onychomcosis toenail infection" that has spread to "just about every toe on both feet." I understand plaintiff to be alleging that this is a "very severe contagious medical need which has been diagnosed by a treating physician" but that all of the named defendants have "conspired . . . to deny and refuse . . . proper medical treatment."

ANALYSIS

I understand plaintiff to be bringing a claim under the Eighth Amendment for defendants' failure to provide him with proper medical care for his toenail infection. It is unclear whether plaintiff also seeks to bring a separate claim regarding the lack of regular medical examinations or is merely explaining that part of defendants' failure to treat his infection. There are two major problems with plaintiff's allegations that prevent me from allowing the case to proceed.

The first is that plaintiff has not provided enough information to support an Eighth Amendment claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule

2

8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Plaintiff's claims arise under the Eighth Amendment, which prohibits cruel and unusual punishment of prisoners. In the medical care context, the Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). But plaintiff provides very little information about his problem. Even if I could infer that the infection causes plaintiff pain or other harm, I cannot allow plaintiff to proceed on claims against any of the named defendants because plaintiff does not explain what they did or failed to do that constitutes "deliberate indifference." *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (constitutional claims under 42 U.S.C. § 1983 must be based on each defendant's personal involvement in the constitutional violation). Plaintiff's only allegation about the actions of defendants is that they have conspired to force prisoners to pay a copayment to receive an examination, but this is not sufficient to show deliberate indifference, because there are other ways for prisoners to alert prison officials about their medical problems. For instance, plaintiff does not explain whether he has asked any of the named defendants for treatment and they have refused or ignored him.

To the extent that plaintiff might be trying to bring a separate claim about the lack of regular medical examinations, it is difficult to see the basis for such a claim. I understand plaintiff to be alleging that he is forced to pay a $7.50 copayment for an exam, but the Court of Appeals for the Seventh Circuit has ruled that such copayments are not per se unconstitutional. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution."). And as stated above,

plaintiff does not explain how the lack of regular examinations has actually hurt him given that prisoners can request treatment for medical issues.

Because plaintiff's complaint does not comply with Rule 8, I will dismiss it in its entirety. However, I will give plaintiff a chance to file an amended complaint in which he more fully explains what each of the named defendants specifically did to violate his rights. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide.

The second problem with plaintiff's proposed civil action concerns the question of *in forma pauperis* status. As stated above, plaintiff has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. *Schuenke v. Wisconsin Dept. of Corrections*, 96-C-748 (W.D. Wis. Sept. 30, 1996); *Schuenke v. County of Milwaukee*, 97-C-46 (W.D. Wis. Jan. 30, 1997); and *Schuenke v. Wisconsin Dept. of Corrections*, 98-C-95 (W.D. Wis. Mar. 23, 1998). Therefore, he cannot proceed *in forma pauperis* in this case unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show

that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Plaintiff's allegations regarding his toenail infection are sufficient to meet the relatively low bar required to meet the "imminent danger" standard he faces as a three-strikes litigant. *Ciarpaglini*, 352 F.3d at 331 (It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury."). But it is difficult to see how his allegations about regular examinations can meet this standard. When he submits his amended complaint, plaintiff will either have to explain how the lack of regular free exams is placing him in imminent danger, prepay the entire $400 filing fee as a non-*in forma pauperis* filer, or he will have to drop that claim from the case.

Also, even if plaintiff is allowed to proceed *in forma pauperis* with this case, he will have to prepay an initial partial payment of the filing fee. In his motion for leave to proceed *in forma pauperis*, Dkt. 2, plaintiff states that he submitted a copy of his six-month trust fund account statement, but the statement was not attached to the motion. Plaintiff will need to resend the trust fund account statement.

ORDER

IT IS ORDERED that plaintiff Lloyd T. Schuenke's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until July 27, 2015, to submit an amended complaint addressing the problems detailed in the opinion above. Plaintiff should also submit a six-month inmate trust fund account statement. Should plaintiff fail to

submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered July 6, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge