IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LLOYD T. SCHUENKE,

                Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTION'S,
EDWARD WALL, DEIRDRE MORGAN,          OPINION & ORDER
SCOTT LEGWOLD, KATHRYN ANDERSON,
MELISSA ROBERTS, CATHY JESS, JAMES GREER,    15-cv-13-jdp
JUDY P. SMITH, ROBERT HABLE, JIM ZANON,
DANELLE FOSTER, JAMIE BARKER,
NANCY BOWENS, MS. SAUVEY,
MS. ANDERSON, and JANE/JOHN DOES,

                Defendants.

---

    Plaintiff Lloyd T. Schuenke brings claims that he has not been given regular medical examinations and that he suffers from a toenail infection for which he is not receiving proper treatment. I previously dismissed plaintiff's original complaint for failure to comply with Federal Rule of Civil Procedure 8. Dkt. 4. I stated that there were the following problems with the complaint:

- Plaintiff did not provide enough information about his toenail treatment claim or how each named defendant failed to provide proper medical care.

- Plaintiff's claim about the lack of regular medical examinations did not explain how he was harmed by that problem.

- Given that plaintiff has struck out under 28 U.S.C. § 1915(g), the vagueness of his allegations made it questionable whether plaintiff could show that he qualified for *in forma pauperis* status because he was in imminent danger of serious physical harm.

*See id.*, at 3-5.

Plaintiff has filed an amended complaint that addresses some of these problems. For instance, he explains further about how much pain the toenail problem caused him. But it fails to address others; he still fails to explain specifically how each defendant harmed him or how the lack of regular examinations harmed him. Usually, I would give plaintiff a final chance to correct these problems so that defendants should be put on proper notice of the claims against them. But there is another problem with plaintiff's complaint that supersedes these other issues: plaintiff explicitly states that he has not exhausted his administrative remedies:

> Petitioner - Plaintiff Lloyd T. Schuenke, has chosen to forego the use of the Wisconsin Department of Corrections offender complaint process in this situation because the complaint process is a joke and a mockery thanks to the Wisconsin State Legislature removing all the teeth within section § 310 of the Wisconsin Administrative Code in which convicts, inmates and offenders could use in order to secure the appropriate relief I this kind of situation.
>
> Furthermore with the Petitioner - Plaintiff Lloyd T. Schuenke, knowing that thousands of complaints have been filed against both the health services unit and its staff members at Oshkosh Correctional Institution since its inception in 1995, with absolutely no favorable results goes to prove, show, and support the fact that the complaint process is a joke and mockery in these type of situations.

Dkt. 6, at 12.

Although exhaustion "is an affirmative defense with the burden of proof on the defendants," *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011), this court may, if obvious from the complaint, dismiss a prisoner complaint *sua sponte* for failure to exhaust. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (Judges do not generally entertain affirmative defenses when conducting screening of complaint, but may do so "if [an affirmative defense] is so plain from the language of the complaint and other documents in the district court's

2

files that it renders the suit frivolous."). Compliance with a state's administrative procedures requires following instructions for filing the initial grievance "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Because plaintiff did not file a grievance about the problems he discusses in his complaint, I will dismiss the case without prejudice. If plaintiff would still like to pursue imminent danger claims regarding these problems, he should file and litigate a grievance about them before filing a new lawsuit. Any new complaint should explain what each named defendant did to violate his rights.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for plaintiff Lloyd T. Schuenke's failure to exhaust his administrative remedies.

2. Plaintiff's motion to supplement the complaint, Dkt. 7, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

4. The clerk of court is directed to notify the warden of the Oshkosh Correctional Institution of plaintiff's obligation to pay the filing fee for this case under 28 U.S.C. § 1915(b)(2).

Entered February 2, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge